## DUGGER vs. TAYLOE.

[ACTION OF EJECTMENT UNDER THE CODE.]

1. *Sale of land by decree of probate court; for what purpose parol evidence inadmissible.*—In an action for the recovery of land brought by the heirs of a decedent against a purchaser at a sale under an order of the probate court, parol evidence is inadmissible to prove the non-payment of the purchase-money, after a conveyance has been made by order of the court on the application of the purchaser under § 2096, Revised Code.

2. *Evidence; charge on effect of by court ex mero motu; when not reversible error.*—A charge on the effect of the evidence should not be given, unless at the request of one of the parties; but when it is clear that no injury has resulted, the judgment will not be reversed.

APPEAL from Circuit Court of Marengo.
Tried before Hon. LUTHER R. SMITH.

The facts are sufficiently stated in the opinion.

BROOKS, HARALSON & ROY, for appellant.
LYON & JONES, contra.

(No briefs came into Reporter's hands.)

B. F. SAFFOLD, J.—The suit was in the nature of ejectment by the appellants against the appellee to recover land. The plaintiffs claimed title through Henry Dugger, who died seized and possessed of the property. They were his heirs-at-law, except Alice G. Dugger, who was a purchaser of the interest of one of the heirs. The defendant resisted on the ground that he was a purchaser at a sale made by the administratrix of Henry Dugger, under a decree of the probate court, and that the sale had been confirmed, and the purchase-money paid.

The evidence was that the administratrix of Henry Dugger applied by petition, duly verified, for a decree, ordering a sale of the land for distribution, on the ground that it could not be equitably divided without a sale. The decree was rendered on the 22d October, 1860, and the sale was made on the 19th of November, 1860, to Bocock. It was confirmed in April, 1861. In 1868, after the commencemencement of this suit, a conveyance was made to Bocock by a person other than the administratrix, on his application, under § 2096, Revised Code. It was admitted that prior to this conveyance the purchase-money was paid, and distributed amongst the heirs and distributees.

The plaintiffs offered the testimony of Alice G. Dugger, who had been the administratrix, to prove that in 1863, when the purchase-money was said to have been paid, three of the plaintiffs were under twenty-one years of age, and that the last note, due in 1863, was paid to her in Confederate currency, which she was induced to take by threats, misrepresentation and duress. This the court excluded.

The foregoing being in substance all the testimony, the court charged that if the jury believed the evidence, they must find for the defendant. The errors assigned are the exclusion of the testimony of Alice G. Dugger, and the charge of the court.

The land was sold under a decree founded on a proper petition, and the sale was confirmed. The court, on the application of the purchaser, ordered a conveyance to be made to him, and, in so doing, necessarily determined that the purchase-money had been paid. It is true, no notice of this application was given to any person interested. The statute makes no provision for notice. It seems merely to confer on the purchaser a right to apply for what he is entitled to, if the administrator should be tardy in his duty. No notice is required when the administrator reports the purchase-money paid, and asks for leave to make title. It is the duty of the court in either case to be satisfied that the money has been paid, before it authorizes a conveyance to be made.—Rev. Code, § 2228.

It is manifest that the title of these plaintiffs has been divested by a court of competent jurisdiction, after cognizance obtained. It can only be restored in equity on the grounds for which judgments may be impeached. To admit parol evidence to negative the adjudication otherwise would lead to inextricable confusion.—*Deslonde v. Darrington*, 29 Ala. 92. There was no error in excluding Mrs. Dugger's testimony.

The charge given by the court, on the effect of the evidence, does not appear to have been asked by either of the parties. Such a charge is forbidden to be given.—Revised Code, § 2678. There is no necessity for it, because the jury will be apt to perceive the right when the evidence is so entirely on one side as to justify the charge. In this case the evidence was of such a character that its proper interpretation to the jury necessarily involved a declaration of its effect. There was, at most, only error without injury. *Hill v. The State*, 43 Ala. 335.

The judgment is affirmed.