# Tannenbaum *v.* Tankersly.

### Motion to dismiss Appeal.

1. *Appeal ; what will not support.* — No appeal lies from an order of court imposing payment of costs as the condition upon which a new trial is granted. The effect of such order, so long as it stands, is to suspend execution of the judgment and deprive it of its properties of a final decree which will support an appeal.

2. *Practice as to grant of new trial.* — If the party in whose favor the new trial is granted is unwilling to accept the terms imposed, he should have an entry to that effect made on the minutes or have the order annulled.· Incorporating an exception to the grant of the new trial in the bill of exceptions is not a rejection of the terms imposed, but indicative rather of an intention to rely on the exception ; and that failing, to comply with the order and claim the new trial under it.

THIS was a motion to dismiss the appeal because no final judgment had been rendered in the court below. The facts upon which it is based are set forth in the opinion.

SNEDICOR & COCKRELL, for motion.

ROBT. H. SMITH and THOS. H. COBBS, *contra.*

MANNING, J. — Appellant was plaintiff in the circuit court of Sumter county, in an action of trover against appellee ; and at the Fall term, 1873, a verdict and judgment were rendered for defendant ; whereupon plaintiff took a bill of exceptions, and moved also for a new trial. This latter motion was " granted upon the condition that the costs of suit are paid by plaintiff," as the record recites ; and an exception to this ruling of the court is also contained in plaintiff's bill of exceptions. There is no entry of record showing that the order of the court granting the motion for a new trial upon condition of the payment of the costs by plaintiff has been set

[Tannenbaum v. Tankersly.]

aside on motion of either party, or otherwise discharged.  The case is brought by appeal of the plaintiff to this court, and the motion is to dismiss the appeal.

We find from the certificate of the clerk of the circuit court that the appeal was taken by plaintiff below in January, 1874, before the next term of the court after the proceedings above mentioned were had.

The effect of the order granting a new trial upon the condition annexed by the circuit court was to keep the cause *sub judice* in that court till the next term thereof.  *Ex parte Lowe*, 20 Ala. 330.

If nothing else be done, the cause is then still subject to the control of the court, and any proper lawful order may be made therein.  If none be made during the term, the cause would stand, at the adjournment of the court, in the same plight and condition as at the commencement.  The judgment upon the verdict is suspended by the conditional order for a new trial, and therefore not final.

It is insisted that plaintiff, by the objection he made to the conditional order and the exception thereto embraced in his bill of exceptions, signified his intention not take the new trial, and that the order therefore should be held to have been discharged. We think it would clearly have been proper for the court, when the exception was brought to its notice, to revoke the order, and put the plaintiff to his appeal to reverse the judgment, upon the supposed other errors of the circuit court.  But this was not done.  The plaintiff reserving an exception to the order on the ground that it was conditional, appeals to this court, and here assigns error thereupon.  This indicates a purpose to rely on that exception ; and if not sustained therein, might he not have intended to go back and pay the costs, and claim the reinstatement of the cause for trial ?

If he intended to repudiate the conditional order for a new trial, he ought to have had an entry to that effect made on the minutes of the court below, or the order vacated, and not have put the matter into a bill of exceptions, in order that its validity might be tested in the court.

No appeal lies to the order of the court imposing the payment of costs as the condition of a new trial, — the decision of the court thereupon not being revisable.

The effect of the order while it stands is to prevent the judgment upon the verdict from being definitively determined ; and it is only upon a judgment final in such a case that appeal will lie.

The motion to dismiss the appeal is therefore, granted.