# May v. Marks.

*Statutory Real Action in nature of Ejectment.*

1. *Sale of decedent's lands, for payment of debts; conclusiveness of order on collateral attack.*—When a sale of lands by an administrator under a probate decree, for the payment of debts, is collaterally attacked,—as where the heirs bring ejectment against a person claiming under the sale,—mere irregularities in the proceedings are not available, and the heirs can not recover unless the sale is void.

2. *Same; validity of grant of administration.*—The granting of the order of sale, on the petition of a person claiming to be the administrator, involves a judicial determination of the fact that he is such administrator; and the heirs can not impeach the sale, on such collateral proceeding, on the ground that his appointment was invalid, or that his office had expired.

3. *Same; payment of purchase-money, and notice to heirs.*—When the payment of the purchase-money is reported to the court by the administrator, the sale confirmed, and he is ordered, on his own application, to execute a conveyance to the purchaser, the failure to notify the heirs of any or all of these proceedings does not render the sale void, and is not available to the heirs on a collateral attack; nor can they be permitted to contradict, by oral evidence, the recitals of the record as to the payment of the purchase-money.

[May v. Marks.]

APPEAL from the Circuit Court of Lowndes.

Tried before the Hon. JOHN MOORE.

This action was brought by Carey May and others, children and heirs at law of Wm. S. May, deceased, against Spencer C. Marks, to recover a tract of land containing about one thousand acres, together with damages for its detention; and was commenced on the 5th February, 1883. The facts of the case, as agreed on by the parties, are thus stated in the bill of exceptions: "William S. May died in said county of Lowndes, in the fall of the year 1865, being then seized and possessed of the lands now sued for; and the plaintiffs in this suit are his only heirs at law. Shortly after the death of said May, letters of administration on his estate were granted by the Probate Court of said county to R. J. Dudley; and said estate was duly declared insolvent by said Probate Court, in January, 1868. Said Dudley was continued in the administration of said estate until May, 1871, when he was removed, and William H. Hunter, who was at that time the sheriff of said county, was appointed administrator de bonis non, by virtue of his said office as sheriff. Said Hunter never resigned said administration, nor was he ever removed; but his said office of sheriff of said county expired on the 13th November, 1871, and one L. J. Bryan was then elected and qualified on that day as his successor in said office as sheriff. On May 20th, 1872, without any other appointment than as above stated, said Hunter filed his petition in said Probate Court as administrator, for a sale of said lands for the payment of debts; a copy of which petition is hereunto annexed as an exhibit, and made a part of this agreement. Said petition was set for hearing on the 20th July, 1872, and was continued to the 28th October, 1872; notice being given to all the parties interested, as stated in the decree hereinafter named. On said 28th October, 1872, said Probate Court made an order and decree for the sale of said lands, a copy of which is hereunto attached as an exhibit. Said order directed the sale to be made on the following terms: one third of the purchase-money to be paid in cash, and the balance in one and two years, with interest from the day of sale. Under and in pursuance of said order, said Hunter sold said lands at public outcry, at the court-house of said county, on the 6th January, 1873, for one thousand dollars, being at the price of one dollar per acre, and reported said sale to said Probate Court on the 9th January, 1873; and said sale was on that day confirmed, by order of said court. On the 16th May, 1873, said Hunter, as administrator, reported to said court the payment of the purchase-money for said land; and an order was thereupon made by said court, that conveyance be made by said Hunter, as administrator, to W. F. Witcher, the purchaser at said sale, conveying to him all right,

[May v. Marks.]

title and interest, which said W. S. May had in said land at the
time of his death.   On the 17th May, 1873, said Hunter, as
such administrator, made to said Witcher a conveyance, regu-
lar in form, conveying to him all right, title and interest, which
said May had in said lands at the time of his death.   On the
8th October, 1877, said Hunter made a final settlement of his
administration on said estate, in which settlement he charged
himself with the proceeds of the sale of said lands; and a de-
cree was thereupon made by said court, a copy of which is hereto
attached as an exhibit.   It is admitted, that the purchase-money
for said land paid by said Witcher was a claim which he had
against said estate, for his fees for services rendered by him as
attorney for said Hunter in his said administration, which claim
and voucher were allowed by said court on said final settlement;
and it is admitted, also, that the said services so rendered by
said Witcher were rendered by him to said Hunter after his
said term of office as sheriff had.expired.   It is admitted, also,
that of said claim against said Hunter as administrator, being
the balance ascertained to be due from him on said final settle-
ment, $1,420.38, besides costs, only $300 has been collected;
and that said Hunter is insolvent.   It is further agreed, that
no notice of the said proceedings of said Probate Court, in
granting the said order confirming said sale, and directing said
Hunter, as administrator, to make a conveyance of said lands
to said Witcher, was given to the heirs at law of said W. S.
May.   It is admitted, also, that on the 5th January, 1874, said
Witcher sold and conveyed said lands, in consideration of $3,500
paid him, to James Marks & Co., of which firm defendant was
a member."

The proceedings in the Probate Court, as shown by the ex-
hibits, are all regular on their face, and in the usual form.
The above being all the evidence, the court charged the jury,
at the instance of the defendant, that they must find for him,
if they believed the evidence; and refused a general charge
in favor of the plaintiffs, which was requested by them in
writing.   The plaintiffs excepted to the charge given, and to
the refusal of the charge asked, and they now assign· these
rulings as error.

Cook & Enochs, for appellants.—Hunter's letters of admin-
istration attached to his office as sheriff, and expired with that
office.—*Ragland v. Calhoun*, 36 Ala. 606 ; *Landford v. Dunk-
lin & Reese*, 71 Ala. 594.   The Probate Court had judicial
knowledge of the expiration of his term of office, and no more
power to continue or prolong his administration, than to pro-
long his term of office as sheriff; and it could not accomplish
by. indirection—by recognizing any of his acts as official—what

[May v. Marks.]

it had no power to do directly. Hunter not being the administrator when he filed the petition, the order of sale founded on it is void for want of jurisdiction—is a nullity.— *Wyman v. Campbell*, 6 Porter, 219; *Satcher v. Satcher*, 41 Ala. 26. If the order of sale had any validity, its terms were binding on the administrator, and on the court itself, which was the real vendor; and the court had no power to confirm a sale, and thereby divest the title of the heirs, until the purchase-money was in fact paid pursuant to the terms of sale; yet the court confirms the sale, and afterwards orders a conveyance to be executed to the purchaser, when the report of the administrator showed on its face that the entire purchase-money was not in fact paid.—*Dugger v. Tayloe*, 60 Ala. 504; s. c., 66 Ala. 444; *Cruikshanks v. Luttrell*, 67 Ala. 318; *McCully v. Chapman*, 58 Ala. 325; *Doe v. Hardy*, 52 Ala. 291. The heirs had no notice of these proceedings, and no opportunity to assert their rights; and they now show, in addition to the facts apparent on the record, that none of the purchase-money was in fact ever paid—that the claim allowed as a payment by the administrator was for professional services rendered to him after his term of office had expired, for which the estate was not responsible. If these proceedings are sustained as valid, the plaintiffs have lost their lands under the forms of law, but in violation of the fundamental principles on which all judicial proceedings are founded.—*Lamar v. Gunter*, 39 Ala. 324.

CLOPTON, HERBERT & CHAMBERS, *contra.*—In decreeing a sale of the land on the petition of Hunter, as administrator, the Probate Court decided, by necessary implication, that he was in fact such administrator, and the fact can not be now denied.—*Landford v. Dunklin & Reese*, 71 Ala. 594. Hunter being the administrator, or being so adjudged, the court acquired jurisdiction when it recognized and acted on his petition; and mere irregularities in the subsequent proceedings, such as are here set up, do not affect their validity. The proceedings are *in rem*, not *in personam*, and notice to the heirs was not necessary. The proceedings are regular on their face, and are conclusive in this collateral attack.—*Satcher v. Satcher*, 41 Ala. 26; *Bibb v. Orphans' Home*, 61 Ala. 326; *Wilburn v. McCalley*, 63 Ala. 445; *Dugger v. Tayloe*, 60 Ala. 518; *Anderson v. Bradley*, 66 Ala. 263; *Hudgens v. Cameron*, 50 Ala. 379.

SOMERVILLE, J.—The case is one of ejectment, in which the plaintiffs claim title as heirs at law of one William S. May, who is shown to have died seized and possessed of the lands in controversy. The defendant claims title through one Witcher, who purchased the land under a decree of the Probate Court

[May v. Marks.]

ordering a sale for the payment of the debts of the decedent.. The question presented is, whether the sale made on the application of Hunter, claiming to be the administrator of May's estate, was *void*. This being a collateral assailment of the decree of sale, there can be, otherwise, no recovery by the plaintiffs, mere reversible errors or irregularities availing them nothing in this action.

It is insisted, in the first place, that the sale was void, because it is shown that Hunter was not administrator of May's estate at the time he filed the petition, obtained the order of sale, or made the conveyance to Witcher, as purchaser. Before these proceedings transpired, the term of his administration had ceased ; and it is urged that this fact can be shown, to impeach the decree on collateral attack. It is true that Hunter's letters of administration were granted to him as sheriff *virtute officio*, under the provisions of the statute (Code, 1876, §§2362-72); and, therefore, the grant attached to the office, and expired with it. This defect would have constituted an error, for which the decree of the Probate Court could have been reversed on appeal, had it been thus directly assailed. But it is no ground for collateral attack, such as renders the order of sale absolutely void. The precise point was so adjudged in *Landford v. Dunklin & Reese*, 71 Ala. 594. It was there held, that the granting of the order of sale involved a judicial determination of the fact that the petitioner was such administrator, as alleged in his petition, and that the sale could not be impeached, in a collateral proceeding, on the ground that he was not in fact the administrator, or that the grant of administration as to him was invalid. We are content to adhere to the conclusion reached in that case.—Freeman on Judgt. § 523 ; Freeman Void Jud. Sales, sec. 4, p. 21, note 25 ; *Burke v. Mutch*, 66 Ala. 568; *Coltart v. Allen*, 40 Ala. 155.

The sale was not rendered void for failure to give notice to the heirs, either of the confirmation of the sale, the report of payment of the purchase-money, or of the order authorizing the administrator to make a conveyance. The conveyance was made to Witcher, on application of the administrator ; and, *as between the administrator and the heirs*, the proceedings were *in rem*, and not *in personam*. The rule has long been settled in this State, that, where the application of an administrator for the sale of lands contains all the allegations necessary to give the Probate Court jurisdiction, any failure *on the part of the administrator* to notify the heirs, or other adverse party in interest, as to any intermediate proceeding, will not avail, on *collateral* presentation, to avoid either the order, the judgment, or title acquired under it by a purchaser.— *Wilburn v. Mc-Calley*, 63 Ala. 436, 445 ; *Field v. Goldsby*, 28 Ala. 218 ;

[Robinson v. Allison.]

*Satcher v. Satcher*, 41 Ala. 26 ; *Wyman v. Campbell*, 6 Port· 219. In *Dugger v. Tayloe*, 60 Ala. 504, it was held, however, that where the application for an order of conveyance was by the *purchaser*, as against the administrator, the proceeding became one *in personam* as to the parties, and notice to the *administrator* was essential, or else a decree rendered without it was void. In *Anderson v. Bradley*, 66 Ala. 263, the application was by a sub-purchaser, and notice to the heirs was held necessary, the question being presented on direct appeal from the decree of the Probate Court.

We are of opinion, that the heirs can not attack the decree in question collaterally for want of notice, such as is shown in the record.

Nor can they be permitted, in an action of ejectment against the purchaser at an administrator's sale, to collaterally attack the decree of sale, by contradicting by oral evidence the recital in the proceedings of the Probate Court as to the fact of the payment of the purchase-money. It is very true that this has been permitted, on a bill filed by an administrator *de bonis non*, to enforce the payment of the purchase-money against the land. As against him, and for this particular purpose, the record is not held to be conclusive, but only *prima facie* correct. *Wallace v. Nichols*, 56 Ala. 321 ; *Corbitt v. Glenny*, 52 Ala. 480. But the case is different, where the issue is one at law involving the legal title, and the effect of the oral evidence would be to contradict the record, and destroy or annul the title acquired under it. There is a clear distinction, on sound principles, between the two classes of cases, which is recognized in the past decisions of this court by our predecessors, and which we fully approve.—*Dugger v. Tayloe*, 46 Ala. 320 ; *Hudgens v. Cameron*, 50 Ala. 399.

There was no error in the charges given by the Circuit Court, and the judgment is affirmed.