# Farley *v.* Dunklin & Reese.

*Bill in Equity to enforce Vendor's Lien on Lands sold by Administrator under Probate Decree.*

1. *Sale of decedent's lands under probate decree; conclusiveness of order for conveyance to purchaser.*—An order of the Probate Court, made on an administrator's report of the payment of the purchase-money for land sold by him under a former decree, and directing him to execute a conveyance to the purchaser, like the order of sale, necessarily involves a judicial determination of the fact that he is such administrator; and an administrator *de bonis non*, filing a bill to enforce a vendor's lien on the land, can not impeach the decree on the ground that, in fact, the administrator's term of office had expired before he made the report, and before the purchase-money was paid to him.

APPEAL from the Chancery Court of Lowndes.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed on the 19th June, 1880, by C. E. Reese and E. C. Dunklin, as the administrators *de bonis non* of the insolvent estate of Josiah W. Cowling, against John G. Farley and Wm. H. Hunter; and sought to enforce a vendor's lien on a tract of land, which had been sold by said Hunter, as administrator of said Cowling's estate, under an order of the Probate Court, and bought at that sale by said Farley and others. Cowling died in December, 1866; letters of administration on his estate were granted by the Probate Court, on the 5th January, 1869, to said Wm. H. Hunter, by virtue of his office as sheriff of the county; and the estate was declared insolvent, on his report, on the 11th April, 1870. On the 15th February, 1871, said administrator filed his petition in the Probate Court, asking an order to sell the lands of the estate; and an order of sale was made and granted on the 11th April, 1871. The lands were sold, under this order, on the 2d Octo-

[Farley v. Dunklin & Reese.]

ber, 1871, said John G. Farley, with W. L. Ernest and T. J. Guthrie, becoming the purchasers, at the price of $3,000; of which amount they paid one-third in cash, according to the terms of sale prescribed in the order, and gave their notes for the residue payable in one and two years. On the 18th November, 1871, the administrator reported the sale to the court, and stated in his report that the purchasers had complied with the terms of sale; and the sale was thereupon confirmed by the court. On the 22d December, 1873, said Hunter, as administrator, reported to the court that the purchase-money had been paid in full by said Farley and Ernest; and the court thereupon made an order, on the *19th January, 1874*, directing said Hunter, as administrator, to execute a conveyance to them as the purchasers. A conveyance was executed to them by said Hunter, as administrator, a copy of which was made an exhibit to the bill, and which recited that it was executed by order of the court; but this conveyance was admitted to record, on the acknowledgment of said Hunter as administrator, on the *24th December, 1873*. Hunter's term of office as sheriff expired in November, 1871, and he was succeeded by L. J. Bryan; but he never made any settlement of his administration on Cowling's estate, nor was any order made continuing him in the administration; and no other person was appointed administrator of said estate until March 12th, 1880, when letters of administration *de bonis non* were duly granted to the complainants in this suit.

The chancellor overruled demurrers to the bill, on all the grounds specially assigned, and, on final hearing·on pleadings and proof, rendered a decree for the complainants; holding that, as Hunter ceased to be administrator when his term of office as sheriff expired, the subsequent payments to him were unauthorized, and did not discharge the vendor's lien on the land. The final decree is now assigned as error.

WATTS & SON, for appellant.

GRIFFIN & COOK, *contra*. (No briefs on file.)

SOMERVILLE, J.—The present case can not, in our opinion, be distinguished in principle from that of *Landford v. Dunklin & Reese*, 71 Ala. 594. It was there decided, that the granting of an order to sell land, when made by the Probate Court, involved a judicial determination of the fact that the petitioner was the lawful administrator of the decedent's estate, as alleged in his petition asking such sale; and that the sale could not be impeached, in a collateral proceeding, on the ground that he was not in fact the administrator, or that the

grant of administration as to him was invalid. This ruling was subsequently followed, without qualification, in *May v. Marks*, 74 Ala. 249.

In this case, the administrators *de bonis non* of the decedent's estate seek to enforce a vendor's lien on certain lands, sold and conveyed, under the order of the Probate Court of Lowndes county, by one Hunter, their predecessor in the office of administrator. The record of the proceedings in the court contains a recital that the purchase-money was paid to Hunter, before the conveyance was ordered to be made.

We do not deem it necessary to discuss the circumstances under which it is permissible to show the falsity of such recitals by oral evidence in contradiction of the record. There are cases which hold that such recitals are not conclusive, in a court of equity, on bill filed to enforce a vendor's lien for unpaid purchase-money ; the effect of such a proceeding being to affirm the validity of the sale, and not to impeach it.— *Hudgens v. Cameron*, 50 Ala. 399 ; *Dugger v. Tayloe*, 46 Ala. 320 ; *Corbitt v. Clenny*, 52 Ala. 490 ; *Wallace v. Nichols*, 56 Ala. 321. The rule, however, has not been allowed to prevail in a court of law, where the legal title to land is involved, and the effect of the oral evidence introduced would be destroy or divest the title acquired, under the probate proceedings sought to be assailed.— *May v. Marks*, 74 Ala. 249, 254. And, in one case, where a bill in equity was filed to vacate a sale of lands made for partition by the Probate Court, it was held by this court, that such proceedings could not be collaterally impeached, except for fraud ; and that it was neither permissible, in such a suit, to show that the person in whose favor the sale was confirmed was not in fact the purchaser at the sale, nor that the purchase-money was paid in other property instead of lawful money.— *Kellam v. Richards*, 56 Ala. 238.

The order of sale here is shown to have been procured, and the sale confirmed, before Hunter ceased to be administrator of Cowling's estate. But the purchase-money was paid to Hunter, and the order authorizing him to convey the land was made, after the expiration of his term of office as sheriff, and, therefore, after he ceased to be administrator—the grant of his letters of administration being *virtute officii*, attaching to the office of sheriff, and necessarily expiring with it.— *Landford v. Dunklin & Reese*, 71 Ala. 594. The whole question to be decided, then, is, whether it can now be shown, in a collateral attack of these Probate Court proceedings, that Hunter was not the rightful administrator at the time he received the purchase-money, made his report of the fact to the Probate Court, and procured from that tribunal the order for the conveyance.

The statute expressly authorizes the Probate Court, after

[Farley v. Dunklin & Reese.]

confirmation of a sale of land, and "when the purchaser has paid the whole of the purchase-money, on his application, or that of the executor or administrator," to "*order a conveyance to be made* to such purchaser, *by such executor or administrator*," or by such other person as the court may appoint, "conveying all right, title and interest, which the deceased had in such lands at the time of his death."—Code, 1876, § 2468.  It is clear that the inquiry as to who is administrator, upon such application being made, is jurisdictional.  The Probate Court has no lawful authority to make the requisite order to convey, without judicially determining the fact that the purchase-money is paid, and that the person to whom it was paid is the rightful administrator, having due authority to receive it.  When Hunter applied for the order to convey, the court judicially determined that he was administrator, before granting the order.  Such a finding of fact was essential, before the court could take such judicial action.  And no notice to the heirs was necessary, for it to be binding on them.  In *May v. Marks*, 74 Ala. 249, 253, we hel l that a failure on the part of an administrator to give notice to heirs, "either of the confirmation of the sale, the report of the payment of the purchase-money, or of the order authorizing the administrator to make a conveyance," would not render the sale invalid on collateral attack—the proceeding as to all these matters being *in rem*, and not *in personam* "*as between the administrator and the heirs*."  The finding of the Probate Court that Hunter was the rightful administrator, which was necessarily involved in the decree ordering him *to convey* the lands, is, in our judgment, as little liable to collateral attack, as the finding of the same fact when determined upon his petition to obtain the order *to sell* the land.  No sound distinction, in principle, can be made between the two cases.  Any other rule, when carried to its logical consequences, might so destroy the verity of records in our Probate Courts, as to shake the title of half the lands in the State, which may have been sold under the authority of these tribunals, whose jurisdiction in such matters is vast and far-reaching.

The decree of the chancellor, in view of these principles, was erroneous, and must be reversed, and a decree will be entered in this court dismissing the complainants' bill.

CLOPTON, J., not sitting.