[Ligon v. Ligon.]

# Ligon *v.* Ligon.

*Application to Probate Judge for Order of Conveyance of Title to Lands sold under Order of Court; Motion to vacate such Orders.*

1. *Discharge of administrator by final settlement.*—A final settlement of his accounts by an administrator, though regularly made, does not discharge him from further accounting, unless there is an order discharging him, or unless decrees are rendered distributing the residue of the estate, and these decrees are paid.

2. *Application by administrator for order to execute conveyance to purchaser.*—When an application for an order to execute a conveyance to a purchaser of lands sold under a probate decree, is made by the administrator himself, after a final settlement of his accounts, this court will presume in favor of the ruling of the lower court, that his functions as administrator had not ceased; and the granting of the order as prayed is a judicial ascertainment of the fact that he was still the rightful administrator.

3. *Same; notice to heirs.*—When lands have been sold by an administrator under a probate decree, and he reports the payment of the purchase-money, and asks an order for the execution of a conveyance to the purchaser; it is not necessary that the heirs shall have notice of the application; but, as to lands bought by the administrator himself, the application is to be regarded as made by him individually as purchaser, and notice to the heirs is necessary.

APPEAL from Cleburne Probate Court.
Heard before Hon. BARTLETT OWEN.

KELLY & SMITH, for appellant.—1. Probate Court erred in granting the order when no notice had been given the heirs.—*Anderson v. Bradley*, 66 Ala. 625; *Mead v. Larkin*, *Ib.* 87; *Wilburn v. McCulley*, 63 Ala. 436.    2. When the application was made, W. M. Ligon had ceased to be administrator.—*May v. Marks*, 74 Ala. 249; 82 Ala. 223; 66 *Ib.* 389; 52 *Ib.* 124.

AIKEN & BURTON, *contra.*—Appellants were not entitled to notice.—Code of 1886, §§ 2124; 2107; *Dugger v. Tayloe*, 60 Ala. 594.    W. M. Ligon was rightly ordered to make conveyance.—*Todd v. Flournoy*, 56 Ala. 99; 6 Grattan, 339; *Warnock v. Thomas*, 48 Ala. 463; *Cruikshank v. Luttrell*, 67 Ala. 318.    The court could have appointed any other individual to make the deed.—Code of 1886, § 2124; *Farley*

[Ligon v. Ligon.]

*v. Dunklin & Reese,* 76 Ala. 530. Parties must show they have been prejudiced by action of court.—*Secor v. Woodward,* 8 Ala. 500.

CLOPTON, J.—On November 11, 1872, W. M. Ligon, as administrator, sold a portion of the lands of the estate of David G. Ligon under an order of the Probate Court, and himself became the purchaser. Under an amended order, he sold October 15, 1874, other lands which were purchased by J. T. Smith. The sales were duly reported and confirmed. In February, 1877, Ligon made a final settlement of his administration. On February 8, 1888, he reported the payment of the purchase-money and made application for orders of conveyances of title. On the same day, without notice to the heirs of decedent, the court ascertained that the purchase-money had been paid, and made an order that Ligon as administrator make a conveyance to Smith of the lands bought by him, and appointed T. J. Burton commissioner, and directed him to make conveyance to Ligon of the lands purchased by him. In April thereafter the appellants, who were heirs at law of the decedent, moved the court to vacate and annul the orders for the conveyances of title. From the judgment of the court, refusing to grant this motion, this appeal is taken.

The statute provides generally, that after confirmation of the sale and payment of the purchase-money, on application of the purchaser, his heirs, or some person claiming under him, or of the personal representative, the court must order a conveyance to be made to such purchaser, his heirs, or person claiming under him, by the personal representative, or such other person as the court may appoint.—Code, 1886, § 2124. It is insisted that application by the purchaser, his heirs, or person claiming under him, or by the personal representative is a jurisdictional fact, and that Ligon was not the administrator at the time the application was made, by reason of having made a final settlement in 1877. As settled by our former decisions, a final settlement, though regularly made, does not necessarily discharge the administrator from further accounting, unless there is an order discharging him from his office, or unless decrees are rendered distributing the residue of the estate among those entitled, and they have been paid.—*Simmons v. Price,* 18 Ala. 405; *Tarver v. Tankersley,* 51 Ala. 309. In the absence of proof that an order was made discharging the administrator, or that decrees of

[Ligon v. Ligon.]

distribution were rendered, we should presume, in support of the judgment of the court, that his functions had not ceased. But, independent of this consideration, the application having been made by Ligon in his representative capacity, the order of the court, that Ligon as administrator make a conveyance to Smith of the lands purchased by him, was a judicial ascertainment that Ligon was the rightful administrator. Without the determination of this fact, which was necessarily involved, the court could not have made such order of conveyance.—*Farley v. Dunklin*, 76 Ala. 530. Though the fact may have been erroneously determined, and the order reversible on appeal, it is conclusive so long as unreversed, and can not be pronounced void.

The next question is, are the orders, or either of them, void for want of jurisdiction of the parties? At this stage of the consideration, the case diverges, the validity of the respective orders being governed by different principles. Proceedings to sell the real estate of a decedent are *in rem*, unless contested, when they become *inter partes*. When notice of the application for an order to sell is given to the heirs, they are considered as having notice of all the proceedings, which follow in the usual and regular course; and the power of the court is continuous from the institution of the proceedings to the order of conveyance of title, irrespective of the lapse of time.—*Todd v. Flournoy*, 56 Ala. 99. When the application is made by the administrator for an order of conveyance of title to a purchaser other than himself, notice to the heirs is not essential to its validity.—*May v. Marks*, 74 Ala. 249; *Farley v. Dunklin*, supra. The order that the administrator make a conveyance to Smith is valid, notwithstanding notice was not given to the heirs. But, a different rule is applicable to the order for a conveyance of title to the administrator. In *Dugger v. Tayloe*, 60 Ala. 504, it was held, that when the application is by the purchaser, notice to the personal representative is essential, and a decree rendered without it is void. The decision is rested on the ground, that if the purchase-money be paid, the administrator loses all right to maintain an action at law, or a suit in equity, for its recovery, and is chargeable with it in his representative capacity as assets; and though the statute is silent as to notice, that it should not be construed so as to violate the established principle, that notice of any judicial proceeding, which is to deprive a party of rights, or impose a liability, is essential; necessarily implied from the

[Ligon v. Ligon.]

nature and effect of the proceedings. In *Anderson v. Bradley*, 66 Ala. 263, the same rule was applied, where the application was by a sub-purchaser, and the office of the personal representative, who made the sale had ceased; in which case it was held, that notice to the heirs was essential. When the administrator becomes the purchaser of real estate sold by himself as such, he occupies antagonistic relations—of purchaser claiming an adverse right, and of administrator, representing the heirs as to the collection and distribution of the purchase-money. Having the right to receive payment as administrator, and being under obligation to pay as such purchaser, presumed payment arises when the purchase-money matures, so far as to render him chargeable therewith in the settlement of his administrator's accounts, but not for the purpose of entitling him to a conveyance of title. So long as he continues administrator, and the purchase-money is unaccounted for, there is no payment, such as is required by the statute, to authorize the court to order a conveyance of title. When the purchase-money becomes due, the heirs have the right to elect whether they will treat it as paid and charge the administrator, or, as unpaid, and resort to the land to enforce its payment. The order that a conveyance be made to him, without notice to the heirs, and the execution of such conveyance, deprives them of this right of election, and divests them of the legal title, without an opportunity of being heard. The statute should not be construed as intending that the administrator may discharge the land from liability for the purchase-money, and himself obtain title by an *ex parte* proceeding. In such case, the same necessity exists for notice to the party, whose rights are to be affected, as for notice to the personal representative when the application is made by the purchaser; and the same person being the administrator and the purchaser, *ex necessitate*, notice must be given to the heirs. Where the administrator is the purchaser, at his own sale, the application for an order of conveyance of title, if made by him, should be properly regarded as made in his capacity of purchaser, and not of administrator. In such case, notice to the heirs is essential to the validity of the order.

The judgment of the Probate Court is affirmed, as respects the order of conveyance of title to Smith, but is reversed in all other respects, and judgment will be here rendered vacating and annulling the order directing conveyance to be made to the administrator, W. M. Ligon.