[Moore *et al.* v. Cottingham.]

# Moore *et al. v.* Cottingham.

## *Statutory Action of Ejectment.*

1. *Sale of decedent's land under probate decree upon petition by administrator; sufficient averment of petition to confer jurisdiction.*—A petition filed in the probate court by an administrator *de bonis non* with the will annexed, for the sale of decedent's lands, which avers that the estate of the testator is owing debts to a certain amount, that the personal property of the estate of said decedent is insufficient to pay the debts thereof, and that the will of said decedent gives no power to sell the lands of said estate for the payment of said debts, sets forth one of the statutory grounds for the sale of the decedent's lands, and is sufficient to confer jurisdiction on the probate court to decree a sale of said lands.

2. *Same; irregularities in proceedings not available on collateral attack.*—When a petition by an administrator, filed in the probate court for the sale of decedent's lands for the payment of the debts of the estate, avers facts sufficient to give the court jurisdiction, as required by the statute, a decree for the sale of the land based on such a petition will be upheld against collateral attack, even though irregularities characterize the supervening proceedings; and the existence of such irregularities does not affect the validity of the sale under such a decree when collaterally attacked, as in an action of ejectment by the heirs against the purchaser at such sale, or his sub-purchaser.

3. *Same; ejectment; evidence.*—In an action of ejectment by the heirs of a decedent against a sub-purchaser at the administrator's sale of the decedent's land, the petition by the administrator, which averred facts sufficient to confer jurisdiction upon the probate court for the sale of decedent's lands for the payment of his debts, and upon which the decree of sale was based, is admissible in evidence, notwithstanding there may have been some irregularities in the subsequent proceedings in the probate court.

4. *Same; notice to heirs.*—When lands have been sold by an administrator under a decree of the probate court, for the payment of the debts of the decedent, and a stranger becomes the purchaser at said sale, the heirs are not entitled to notice of the report of sale by the administrator and application by the administrator for confirmation and an order to make title; and the failure to give such notice does not, in any way, invalidate the sale.

4. *Deed by administrator under decree of probate court; effect as a conveyance; admissibility in evidence.*—Where lands have been sold by an administrator under a decree of the probate court, for the payment of the decedent's debts upon a petition alleging jurisdictional facts,

and the administrator is ordered to make title to the purchaser thereat, a deed signed by such administrator, with the word "administrator" following his name, being regular in its recitals and form of conveyance, conveys title to the purchaser; and in an action of ejectment subsequently brought against his sub-purchaser by the heirs, such deed is admissible in evidence.

APPEAL from the Circuit Court of Bibb.

Tried before the Hon. JOHN MOORE.

This was a statutory action of ejectment, brought by the appellants, children of Martha Ann and Robert Benning Moore, against the appellee, to recover the possession of certain lands specifically described in the complaint. Both parties claimed through the same source, to-wit, Eleanor Coker, who died testate before the institution of this suit. Plaintiffs claimed title as devisees under the testatrix' will, and the defendant claimed title through certain probate proceedings instituted by the administrator of the said estate with the will annexed, by which the lands were sold, and from the purchaser at which sale the defendant purchased the property sued for. Issue was joined on the plea of the general issue.

The plaintiffs introduced in evidence the will of Eleanor Coker, and proved the probate of the same on June 12, 1876. After providing for the payment of the testatrix' debts and burial expenses, the will was as follows : "I give, bequeath, devise and seize unto my beloved niece, Martha Ann Moore, and her husband, Robert Benning Moore, and the heirs of their body forever, all real and personal property, lands, tenements, stocks, moneys, household and kitchen furniture that I may possess, hold claim upon or title to, or in any way seized of at my death, to have and to hold the said real and personal property, lands, tenements, stocks, money, household and kitchen furniture, and all property of whatever character belonging to me and under the law, or any proceeding thereof, unto themselves and their heirs forever. If my beloved niece, Martha Ann Moore, should die, then the said property shall remain into the hands of her husband for the use of her lawful issue by her husband, Robert Benning Moore, until the heirs shall become of age, and then equally divided among them; and if Robert Benning Moore and Martha Ann Moore should die, both of them, before their heirs shall become of age, then the property above mentioned shall

[Moore *et al.* v. Cottingham.]

belong equally to the said heirs of Martha Ann Moore by her husband, Robert Benning Moore, and in case of the death of Robert Benning Moore, then the property above described shall belong and be held by Martha Ann Moore until her death, at which time to go to her heirs by her husband, Robert Benning Moore.''

Robert Benning Moore was appointed executor of the will, but subsequently the defendant, M. L. Cottingham, qualified as adminstrator *de bonis non* with the will annexed.

The evidence showed that the plaintiffs were the children of Martha Ann and Robert Benning Moore, and that before the institution of this suit, Martha Ann Moore, their mother, died and left Robert Benning Moore and the plaintiffs to this suit surviving; and that there were two of the plaintiffs who were minors.

On October 25, 1876, M. L. Cottingham, as administrator *de bonis non* with the will annexed of Eleanor Coker, deceased, filed his petition in the probate court of Bibb county, asking for the sale of the lands of the estate for the payment of its debts. The defendant offered this petition in evidence, the allegations of which are sufficiently stated in the opinion. The plaintiffs objected to the introduction of said petition, because said petition was not properly verified by affidavit as required by the statute; because it failed to sufficiently state which of the devisees were minors and which were married women as required by law; and because it failed to set out or sufficiently describe or mention any debts owing by the estate, or to sufficiently show that said personal property was insufficient to pay the debts of said estate; that the statements as to this were mere conclusions of the petitioner and not sufficient. The court overruled plaintiff's objections, and plaintiffs then and there separately and severally excepted. The defendants then offered in evidence the motion setting a day for the hearing of the petition. This order, after reciting that M. L. Cottingham, as administrator *de bonis non* with the will annexed of Eleanor Coker, had filed his application in writing, asking for an order to sell the real estate for the purpose of paying the debts of Eleanor Coker's estate, upon the ground that the personal property was insufficient therefor, then proceeds as follows : ''And it appearing from said petition that the only legatees are

[Moore *et al.* v. Cottingham.]

Martha Ann Moore, her husband, Robert Benning Moore, both of whom reside in Bibb county, Alabama, and the following is a list of the minor legatees of said estate, to-wit: Rowland Moore, John H. Moore, Jessie G. Moore, Coker Moore, all of whom are under 14 years of age, and reside with Robert Benning Moore, in Bibb county, Alabama. It is therefore ordered that J. W. Owen be appointed guardian *ad litem* to represent and that the 11th day of December, 1876, be and it is hereby appointed a day for hearing the said application, and the proof which may be submitted in support of the same. It is further ordered that due notice of said application, and the time above set for the hearing thereof, be given at least forty days before the said day of hearing for all persons interested to appear and contest said application if they think proper. It is further ordered that Marth Ann Moore and Robert Benning Moore have notice of this proceeding and of the day set for hearing the same, by citation to be personally served on them ten days before the day set for hearing the same."

The plaintiffs objected to the introduction of said order setting day to hear application to sell lands, because it does not sufficiently described or mention any debts owed by said estate, and because it failed to show that the personal property was insufficient to pay the debts of said estate, and because it fails to state which of the devisees were minors and which were married women, as required by law, and because it fails to show that the heirs and devisees ever had any notice or knowledge of this proceeding, or that they were ever before the court. The court overruled the plaintiff's objections, and allowed said order to go to the jury, to which ruling the plaintiffs excepted.

In obedience to this order, the following notice was given: "This day came M. L. Cottingham, as the administrator of said estate with the will annexed, and filed his application in due form and under oath praying for an order of sale of certain lands described therein and belonging to said estate for the purpose of paying the debts, upon the ground that the personal property is insufficient, therefore it is ordered that the 11th day of December, 1876, be appointed as a day for hearing such application at which time all parties in interest can appear and contest the same if they think proper. [Signed].

[Moore *et al.* v. Cottingham.]

Thos. J. Smitherman, Judge of Probate." The defendant offered this notice in evidence, but the plaintiff objected to the introduction of the same in evidence because it was not a citation, summons or subpœna, or any other legal notice, because it was never addressed to the sheriff or other executive officer, and because it was not shown to have been executed upon the heirs or devisees of Eleanor Coker ; and beecause it was not binding as notice to these plaintiff ; and because it was irrelevant immaterial, illegal, incompetent and inadmissible. The court overruled the objection, and allowed the same to be introduced in evidence, to which ruling of the court the plaintiffs then and there duly excepted.

Upon the day set for the hearing of the application for the sale of the land, the court rendered a decree granting the petition. This decree, after reciting the appointment of a day for the hearing of the application of the administrator, and the appointment of a guardian for the minor children, then continues as follows : "and the said guardian *ad litem* having filed his answer in writing as such guardian, on the 4th day of November, 1876, denying the allegations contained in said application, and Robt. Benning Moore and his wife, Martha Ann Moore, having had notice strictly and in all respects in accordance with the order of the court made and entered in this proceeding this the 25th day of October, 1876, as is shown to the satisfaction of the court by oral proof by the oaths of B. F. Narramore and T. J. Fitts, who are disinterested witnesses, and whose testimony has been taken by deposition as in chancery cases, and which testimony has been filed of record in this proceeding, that the personal property is insufficient to pay the debts of said estate and that it will be to the interest of said estate that the lands described as follows, to-wit [here follows a description of the land, which is the same land sued for in the present action], should be sold for the purpose of paying the debts of said estate according to the prayer of said petition. It is therefore ordered, adjudged and decreed that said application be granted, and that said administrator is hereby ordered to sell the above described lands at public outcry in manner and form as the law directs in such cases ; after having given, first, notice for at least three successive weeks of the time, place and terms of sale, together with a de-

scription of the property by notices posted up in the court house door, and at three other public places in said county, there being no newspaper published in said county; said sale to be made for cash." The defendant offered in evidence this order decreeing the sale of said lands. The plaintiff objected to the introduction of said order of sale, because it was not shown that the heirs or devisees of Eleanor Coker had any notice or knowledge of the administrator's application to sell their lands; because it fails to show that there was ever any service on the minors before the appointment of the guardian *ad litem;* because it has not been shown that the heirs or devisees of Eleanor Coker, the owner of the land, and who are plaintiffs in the suit, were ever served with any citation, notice, or other process to bring them into court, or that they ever had any knowledge or notice of the time and place of the hearing of the application to sell their lands; because it is shown that the heirs or devisees of Eleanor Coker, who are the plaintiffs in this suit, were never brought into court or made parties to the proceedings to sell their lands. The court overruled these objections, and allowed said order of sale to go to the jury as evidence; and to this ruling of the court the plaintiffs then and there duly excepted. The defendant then offered in evidence the report of the sale of the lands which are the subject matter of this suit, which report was as follows: "The undersigned, administrator of the estate of Eleanor Coker, deceased, reports that in pursuance of an order heretofore made by the said court, to-wit, on the 11th day of December, 1876, authorizing and empowering the undersigned to sell the realty belonging to the estate of said deceased, after having given authorized notice by advertising the same at the court-house door of said county and three other public places in said county, for three weeks previous to the said sale, containing further the time, terms and place of said sale, &c., on Monday the 8th day of January, 1877, as the day, and at the place appointed for said sale, between the legal hours of sale, did offer said realty for sale at public outcry, and at said sale Jasper Langston, being the highest, best and cash bidder, therefore, became the purchaser of the" (lands describing them, which were the same lands described in the order of sale) "lying and being in Bibb county, Ala., at the

[Moore *et al.* v. Cottingham.]

price of two and 50-100. dollars per acre, and amounting in the aggregate to the sum of four hundred dollars. The said administrator further reports that the said Jasper Langston has complied with the terms of said sale, and has paid in full said purchase money, that said sale was fairly conducted, and that said realty was sold for an amount not greatly disproportionate to its real value. Wherefore, the said administrator prays that said sale be ratified and confirmed, and that a decree be granted authorizing him to execute titles to the purchaser, said Jasper D. Langston, for the said real estate purchased by him as aforesaid—all of which is respectfully submitted. [Signed] M. L. Cottingham." This report was sworn to before the probate judge. Plaintiffs objected to the introduction of said report in evidence upon the same grounds as were based the objection interposed to the introduction in evidence of the order of sale. The court overruled this objection, allowed said report to be introduced in evidence, and to this ruling the plaintiff duly excepted. The defendant then offered in evidence the decree or order of the probate court confirming the sale, which was as follows: "This day came M. L. Cottingham, as the administrator, with the will annexed of said estate, and files his request in writing and under oath, setting forth, among other things, that on the 8th day of January, 1877, within the legal hours of sale, in pursuance of law in such cases made, and in strict accordance with all and singular the terms and requirements of the former order and decree of this court, granted and entered in the primaries on the 11th day of December, 1876, proceeded and sold, at public outcry, at the late residence of said decedent, the land set forth and particularly described in said former order and decree, and that said land was purchased at said sale by Jasper D. Langston, for the sum of $400, and it appearing to the satisfaction of the court from said report, and from the evidence therewith submitted, that said amount so bid for said land by Jasper D. Langston, was the highest and best bid for the same; that said sum so bid was not greatly less or disproportionate to its real value; that said sale was legally and fairly made and conducted; and that the whole of the purchase money has been paid in cash. It is ordered, adjudged, and decreed, that said sale be, and the same hereby is,

[Moore *et al.* v. Cottingham.]

approved, and in all things ratified and confirmed by the order and authority of this court. It is further ordered that this report and all other papers on file relating to this proceeding, be recorded. It is further ordered, adjudged and decreed, that said M. L. Cottingham, as the administrator of said estate, be authorized and he is hereby ordered to convey by proper deed to the said Jasper D. Langston all right, title, and interest which the said Eleanor Coker, deceased, had in said lands at the time of her death. It is further ordered, that the said administrator pay the costs of this proceeding, to be allowed him against said estate." The plaintiffs objected to the introduction of this decree in evidence, upon the same grounds as formed the basis of their objection to the introduction in evidence of the order decreeing the sale of the land. The court overruled these objections, allowed the decree confirming the sale to be introduced in evidence, and to this ruling the plaintiffs duly excepted. The defendant then offered in evidence a deed executed by "M. L. Cottingham, administrator," to Jasper D. Langston, in which the lands sold under the decree of the probate court, which are · the lands involved in this suit, were conveyed to said Langston, the deed reciting the fact of their sale under the decree of the probate court. The plaintiffs objected to the introduction of this deed in evidence upon the same grounds of objection assigned to the application to sell the land, and the order of sale, and also upon the following additional grounds : "Because the deed is made by the said M. L. Cottingham as an individual and not as an administrator ; and because it is acknowledged by M. L. Cottingham as an individual and not as an administrator." The court overruled these objections, and the plaintiffs then and there duly separately and severally excepted to the action of the court in overruling each of said objections. The defendant then introduced in evidence a deed to the said lands from Jasper D. Langston and wife to M. L. Cottingham, the defendant in this suit. This deed was the usual deed for the conveyance of property, and was acknowledged by both Jasper D. Langston and his wife in the manner required to convey the homestead. Plaintiffs objected to the introduction in evidence of this deed, upon the same grounds of objection which were assigned to the introduction of.the other deed. The court overruled each objection, and the plaintiffs duly excepted.

[Moore *et al.* v. Cottingham.]

It was shown that the administrator had turned over personal property of the estate of Eleanor Coker to Robert Benning Moore, which property was not applied to the payment of debts. The plaintiffs then offered to prove that there was sufficient personal property that came into the hands of the administrator to pay all of the debts of Eleanor Coker. The court, upon objection of defendant, refused to allow plaintiffs to make such proof, to which ruling of the court the plaintiffs then and there duly excepted.

The plaintiffs asked the court to give to the jury the following written charge : "The court charges the jury that, if they believe the evidence in this case, they will find for the plaintiffs." The court refused to give this charge, to which ruling the plaintiffs duly excepted, and also duly excepted to the court's giving at the request of the defendant the following written charge : "The court charges the jury that if they believe the evidence in this case, they will find for the defendant."

There were verdict and judgment for the defendant. The plaintiffs appeal, and assign as error the several rulings of the trial court to which exceptions were reserved.

ELLISON, JONES, MAYFIELD & BROWN, for appellant.— The probate court never acquired jurisdiction to order the sale of the lands involved in this controversy. The petition of the administrator was fatally defective, in that it was clearly wanting in three of the essential jurisdictional averments. 1. It was not verified by affidavit. 2. It did not show whether any, or which of the devisees are of unsound mind. 3. It did not show whether any, or which of the devisees were married. The probate court has no general authority to order the sale of realty. Its authority in this respect is limited and circumscribed, and the one who relies upon it for the purpose of a sale must follow strictly the statute. It is also well settled doctrine that there is a manifest and well defined distinction between presumptions of jurisdiction, of courts of general and those of limited jurisdiction ; without jurisdiction, except that which appears to be so from the record itself ; and, on the other hand, nothing is presumed in favor of the jurisdiction of the second class, except that which is so expressly al-

[Moore *et al.* v. Cottingham.]

leged and affirmatively appears from the record.—*Robertson v. Bradford*, 70 Ala. 387 ; *Pettus v. McClannahan*, 52 Ala. 55 ; *Commissioners v. Thompson*, 18 Ala. 694 ; Freeman on Judgments, §§ 117, 123, 264 ; Freeman on Void Sales, § 8.

2. The petition which the personal representative is required to file in court is the means by which he is required to intercept the possession and right thereto, and is the genesis and source of the proceedings which are ultimately to deprive the heirs or devisees of their rights. The statute requiring how and by whom this petition must be made, to whom, and what it must contain, is, as it were, the "Ten Commandments," which the personal representative is required to keep, and he who violate the least of them is guilty of the whole. To use a more modern and mechanical comparison, if not more authoritative, the petition is the lever with which the personal representative is to lift the heirs or devisees out of their boots, and in order to do so the lever must be made as the boss mechanic (the statute) directs.—Amer. Law Administration, Woerner, pp. 1020–25 ; *Robertson v. Bradford.* 70 Ala. 387 ; s. c. 73 Ala. 117 ; *Woods v. Legg*, 91 Ala. 512 ; *Wilburn v. McCalley*, 63 Ala. 436. The following ten commandments of section 2106, so far as our investigation goes, have always been held to be jurisdictional averments, and a petition or proceeding which appeared on its face to be lacking in either of these has uniformly been held to be void and insufficient to give the court jurisdiction, to-wit :

1. The application must be made by the executor or administrator. 2. It must be in writing. 3. It must be verified by affidavit. 4. It must be made to the probate court having jurisdiction of the estate, 5. It must describe the lands accurately. 6. It must give names of the heirs or devisees. 7. It must give the residence of the heirs or devisees. 8. It must state whether any and which of the heirs or devisees are under the age of twenty-one (21) years. 9. It must state whether any and which of such heirs or devisees are of unsound mind. 10. It must state whether any or which of the heirs or devisees are married women.

It has been frequently held that if the petition failed to state any of the requirements accurately, or stated them indefinitely, that this was a mere irregularity or

error which could only be corrected in the lower court or on appeal; but an entire failure to state any one of the jurisdictional averments, so far as our investigation goes, has always been held to be fatal, whether attacked directly or collaterally. This court can not say that any one of the requirements is not necessary to support the jurisdiction. If it could say that one was, it could with equal propriety say that all were unnecessary, or were merely directory, and that the application might be made orally, or that no application was necessary. But this court, or any other, so far as we know, has never held that these directions or mandates of the legislature were unnecessary, or directory merely; but has always held that they were mandatory, and that the court was without jurisdiction in the absence of them, and that all its proceedings founded on such petition lacking any of such jurisdictional averments were absolutely void. The following long list of decisions in this State so hold: *Griffin v. Griffin*, 3 Ala. 623; *Cloud v. Barton*, 14 Ala. 348; *Wilburn v. McCalley*, 63 Ala. 436; *Tyson v. Brown*, 64 Ala. 244; *Whitman v. Reese*, 59 Ala. 532; *Robertson v. Bradford*, 70 Ala. 385; *Abernathy v. O'Reilly*, 90 Ala. 496; *Quarles v. Campbell*, 72 Ala. 64; *McCorkle v. Rhea*, 75 Ala. 213; *Ballard v. Johns*, 80 Ala. 32; *Morgan v. Farned*, 83 Ala. 367.

4. The fact that the petition of the personal representative, to sell the lands of the decedent's estate, is sufficient to give the court jurisdiction, and the court proceeds to a sale thereunder, does not prevent the sale from being set aside and annulled, by reason of irregularities therein. The proposition in this regard, announced in *Lyons v. Hamner*, 84 Ala. 197, is unsound and in violation of the most elementary principles of law.

The decision in the case of *Lyons v. Hamner* is also in conflict with the case of *Cloud and Wife v. Barton*, 14 Ala. 347, and also the cases therein cited. This case holds that a failure to give the ages of the heirs, to state whether any, and which, are married women, is a fatal defect, and that under the statute of amendments then in force, it was an incurable defect, and a recital in the decree as to these matters could not and did not cure the defect which met the proceedings *in limine*. And this case has been quoted with approval often by this court.

[Moore *et al.* v. Cottingham.]

Outside of our State nearly all the decisions of the courts of last record in the United States, and all the text books, so far as we have examined on the subject, hold the exact converse of the proposition announced in the case of *Lyons v. Hamner*. See Freeman on Void Judicial Sales, § 16, and authorities there cited; *Root v. McFerrin*, 37 Miss. 17; *Clark v. Thompson*, 47 Ill. 25; *Morris v. Hogle*, 37 Ill. 150; *Gerard v. Johnson*, 12 Ind. 637; *French v. Hoyt*, 6 N. H. 370; *Valle v. Fleming*, 19 Mo. 454. It will be seen on an examination of these authorities that there are only three or four States which hold to the doctrine announced by our court in the case of *Lyons v. Hamner*.—Woerner Amer. Law of Adm'r, p. 1029, § 466.

LOGAN & VANDEGRAAFF, *contra*.—The main point relied on by appellants is that there was no notice of the application to sell the land, given to plaintiffs, who are named in the application as legatees under said will. The decisions in the State have been uniform, since the case of *Wyman v. Campbell*, 6 Port. 219, that when a proper petition is filed in the probate court, for the sale of land of deceased, the court, upon it, acquired jurisdiction of the land and not of the persons of the interested parties, and that when jurisdiction is once so acquired, the sale is valid in the absence of notice to any party interested. And it has been held in several cases in Alabama, that even if the heir is not named in the application for the sale, or in any of the proceedings, and no notice given, that this will not invalidate the sale of the land, and can not be taken advantage of on collateral attack. This is placed on the ground that the proceedings are *in rem* and not *in personam*.—*Lyons v. Hamner*, 84 Ala. 197, and authorities cited; *Cotton v. Holloway*, 96 Ala. 544; *Kent v. Mansel*, 101 Ala. 334; *Goodwin v. Sims*, 86 Ala. 102. These authorities show that the objection taken by appellants that no notice was given to them of the report or confirmation of the sale, or of the making the deed to purchaser, is without reason or authority to support it. And, moreover, there is no conflict between these authorities and the case of *Bolling v. Smith*, 108 Ala. 411, and the cases of *Dugger v. Tayloe*, 60 Ala. 504; *Anderson v. Bradley*, 66 Ala. 263; *Ligon v. Ligon*, 84 Ala. 555; for we think these cases do not apply here, as they

[Moore *et al.* v. Cottingham.]

are those cases where the administrator became the purchaser, or where the purchaser made application to have a deed made to him. The case of *Ligon v. Ligon*, shows this position to be correct, and that the cases cited by appellant do not support them in making the objection to the sale for the reason there was no notice given of the sale, or of any other part of the proceedings.

HARALSON, J.—1. We deem it unnecessary to construe the will of Mrs. Eleanor Coker, to determine whether the plaintiffs took such title under her will as authorizes them to maintain this action, since admitting the plaintiff's right to sue, under the view we take of the case, they are not entitled to recover in any event.

2. The petition filed in the probate court by the administrator *de bonis non* with the will annexed in this case, for the sale of the lands of the testator, contained the averments, "that the estate of Eleanor Coker, deceased, is owing debts to the amount of three hundred and fifty dollars, and that the personal property of the estate of said decedent is insufficient for the payment of the debts thereof ; and that the will of said decedent gives no power to sell the lands of said estate for the payment of said debts," &c. It describes the lands accurately, gives the names of the divisees of the testator and their residences, states that the last four named of them are minors, under fourteen years old, who reside with the two first named, their parents, in the county of Bibb, State of Alabama, and prays that the lands described be sold for the purpose of paying the debts of said estate, and that such proceedings, orders and decrees may be had and made as may be proper and necessary to legally effect the sale of said lands for the purposes aforesaid.

Section 2079 of the Code of 1867, under which the petition was filed (2447 of the Code of 1876, and 2103 of the Code of 1886) provides : "Lands may be sold by the executor or by the administrator with the will annexed, for the payment of debts, when the will gives no power to sell the same for that purpose."

It is too clear to be controverted that this petition, in that it contained the averment that the estate was owing debts to the amount of three hundred and fifty dollars, and that the personal property of the estate was insufficient to pay said indebtedness, stated a jurisdictional

ground, such as the statute requires, on which the juris-
diction of the probate court attached, authorizing it to
make an order for the sale of the lands for the purposes
specified.. In *Gilchrist v. Shackelford*, 72 Ala. 13, it was
said : "The petition, to be sufficient, must state one of
the statutory grounds authorizing a sale ;" and again,
we have said : "But it is too well settled, that the juris-
diction attaches when a petition is filed by a proper par-
ty, setting forth any of the statutory grounds for a sale."
*Goodwin v. Sims*, 86 Ala. 105 ; *Pettus v. McClannahan*,
52 Ala. 55. The petition in this case is well nigh .com-
plete, and certainly avers the statutory ground for the
jurisdiction of the court to attach. No one of the sever-
al grounds of objection, therefore, which was interposed
by plaintiffs against the validity of the petition and its
introduction in evidence, nor all of them together, were
of any avail ; and were properly overruled.

Upon the filing of this petition the court, proceeding
in accordance with the directions of the statute, set a
day for the hearing ; appointed a guardian *ad litem*
for the minor heirs named in the petition, who accepted
the appointment, and discharged his duties ; directed
notice to be given to the other defendants for ten days
before the day set for the hearing ; and on the day so
set, the application was heard and passed on, resulting
in an order for the sale of said lands for the purpose
prayed for. This order, like the petition, is full and
specific in the recitals of the grounds upon which it is
based, and if lacking in anything to make it as com-
plete as the most exacting could require, it was as to
matters of non-essential detail, never rising higher in
such proceedings than mere irregularities. The plain-
tiffs severally objected to the introduction of the order
setting a day for the trial of said application, and to the
order of sale, as will appear in the report of the case,
which were severally overruled, and minute entries of
the orders were allowed to be read in evidence. Such
objections as the ones interposed, in each instance, were
unavailing. By an unbroken line of decisions in this
court for nearly sixty years, beginning in 1838, with the
cases of *Wyman v. Campbell*, 6 Porter, 219, and *Lee v.
Campbell, Ib.* 249, and coming down to the present time,
this court has consistently and firmly held to the rule,
that when in a case of this kind, the jurisdiction of the

11

court attaches upon the petition setting forth a satisfactory ground of sale, the order of sale is not void, although the proceedings may abound' in irregularities, such as the ones specified in the objections made by plaintiffs to this petition and order of sale, holding that such proceedings, whenever called in question on collateral attack, on account of such alleged irregularities, are to be wholly disregarded, and the order and judgment of the court upheld. One of our last utterances on the subject, by McClellan, J., in *Stevenson v. Murray*, 87 Ala. 444, is so clear, we venture to repeat it : ''By the unbroken current of our decisions, a decree based on such a petition will be upheld against collateral attack, even though it should appear that many and gross irregularities should characterize the supervening proceedings. The one exception to the rule is that established by section 2114 of the Code, which renders an order of sale void, notwithstanding the jurisdictional sufficiency of the petition, if the probate court has failed to take evidence showing the necessity of sale by depositions as in chancery.—*Pettus v. McClannahan*, 52 Ala. 55. But even when this is the case, and there has in fact been such irregularity in this respect as by the terms of the statute would avoid the decree upon a direct assault, yet, when the attack is collateral, either by the validity of the order being drawn in question incidentally in other suits or proceedings, or by a petition to vacate the decree made, in and at a subsequent term of the court which rendered it, the rule is well settled with respect to this, as well as all other judgments and decrees in cases in which jurisdiction has attached, that the matter relied on as avoiding the adjudication must appear affirmatively on the face of the record.—Freeman on Judgments, § 98 ; *Johnston v. Glasscock*, 2 Ala. 522 ; *Pettus v. McClannahan*, 52 Ala. 57, 59.''

In addition to the cases already cited, we append the following, among many, sustaining the doctrine announced : *Duval v. McLoskey*, 1 Ala. 708 ; *Lightfoot v. Lewis*, I b. 475 ; *Duval v. Planters & Merchants Bank*, 10 Ala. 636 ; *Field v. Goldsby*, 28 Ala. 218 ; *Matheson v. Hearin*, 29 Ala. 210 ; *King v. Kent*, 29 Ala. 542 ; *Satcher v. Satcher*, 41 Ala. 26 ; *Robertson v. Bradford*, 70 Ala. 385 ; *May v. Marks*, 74 Ala. 253 ; *Watts v. Frazer*, 80 Ala. 186 ; *Lyons v. Hamner*, 84 Ala. 197 ; *Goodwin v. Sims*, 86

Ala. 102 ; *Thompson v. Holloway,* 96 Ala. 544 ; *Thompson v. Boswell,* 97 Ala. 570 ; *Smith v. Brannon,* 99 Ala. 445 ; *Kent v. Mansel,* 101 Ala. 334.

3.   The plaintiffs objected to the report of the sale by the administrator and to its confirmation by the court, on grounds substantially the same in each instance ; and to the introduction of the two deeds, one from the administrator to the purchaser, Langston, and the other, afterwards executed and delivered by Langston and wife to defendant, which several grounds will be set out in the report of the case.   There was no error in the admission of these several items of evidence.

The administrator was not the purchaser, but a third person was ; and the plaintiffs were entitled to no notice of the report and application by the administrator for a confirmation and order to make title.—*Dugger v. Tayloe,* 60 Ala. 504 ; *Ligon v. Ligon,* 84 Ala. 555 ; *Bogart v. Bell,* 112 Ala. 412.

We have been invited in a lengthy and vigorous argument by plaintiffs' counsel, to review our former rulings and overrule them, as being wrong in principle.   This we are not permitted to do without destroying the ancient landmarks of the law, impairing confidence in judicial decisions and unsettling a rule which we regard as sound in principle, and on which titles to property of untold value depend.   The question must be regarded, so far as we can make it, as finally settled in this court.

There was no error in giving the general charge for the defendant.   It is, therefore, unnecessary to consider other assignments of error.

Affirmed.