42  225
d121  74

WARD, ADMINISTRATOR, *vs.* OATES, ADMINISTRATOR.

[PARTIAL DISTRIBUTION OF DECEDENT'S ESTATE.]

1. *Voidable orders only assailable in a direct proceeding.*—The intestacy of a decedent, upon whose estate an administration, with the will annexed, has been granted, renders such administration revocable, not void, if the court had jurisdiction of the grant of administration ; and the order of the probate court granting such administration can not collaterally be assailed.

2. *Parties to an application for partial distribution.*—In a proceeding for partial distribution, by one of several distributees, instituted under § 2105, Rev. Code, it is not indispensable that the applicant should make any other party, except the administrator.

3. *Decree on partial distribution, for chattels in specie or money.*—A distribution can be had under said section of the Code, of chattels in specie, or of money, into which the chattels, or choses in action of the estate may have been converted ; but the court can not, under that section, render a decree for a distributive share, of any sum or sums of money for which the administrator may have become liable by negligence or misconduct.

4. *Purchase by administrator of property of the estate he represents.*—An administrator is chargeable, as for cash in hand, with the amount of purchases made by him, and by him and another jointly, of property of the estate he represents ; and if he makes a partial payment on the debt thus contracted, to a creditor or distributee of the estate, or any one to whom the payment could lawfully be made, it discharges the debt, *pro tanto*.

APPEAL from the Probate Court of Henry.

THIS was a proceeding by petition by William C. Oates, as administrator with the will annexed, of William J. Ward, deceased, late of the county of Polk, State of Texas, to compel John J. Ward, the administrator of one James

Ward, deceased, to pay over to the petitioner the distributive share his testator, said William J. Ward, was entitled to as a distributee of said James Ward's estate. The petition was filed on 21st September, 1867, and alleged, after stating as above, that said testator was a grandson of James Ward, and entitled to one ninth part of his entire estate; that James Ward died in the year 1860, and on the 27th March, 1860, John J. Ward was appointed administrator of his estate, and continued to be so up to the time of filing this petition; that more than eighteen months had elapsed since the commencement of said administration, and that there were no debts against said estate, &c. The defendant demurred to the petition and assigned several grounds of demurrer, the principal one being that the will under which said Oates acted, was not the will of said William J. Ward, and that it was not proven to be such as the law required. The demurrer was overruled by the court. The petitioner introduced in evidence the will of his testator, and the records of the probate thereof in the State of Texas, and also in the probate court of Henry. Letters of administration, with the will annexed, were granted to the petitioner, on the 6th December, 1866. The said John J. Ward, administrator, purchased personal property of the estate, mostly negroes, at a sale made by him to the amount of $11,600, due 26th November, 1861; and also, purchased jointly with one E. Oates, real estate, amounting to $8,138, due January 7, 1862. The records of appraisement and sale bill, were introduced in evidence; also the annual settlements made by the administrator, and the orders of the sales of personal and real property, &c. As the bill of exceptions states, it was in further proof, that the amount in the hands of the administrator collected, was not more than enough to pay the expenses of administration. The administrator, John J. Ward, further offered to prove that he had paid the sum of $3,000 in Confederate treasury-notes, on the note of $8,138, made by him and Oates, for land purchased, which proof the court would not allow him to introduce. The decree of the court, after setting out many of the facts stated, thus proceeds: "The court is satisfied from the evidence that the assets of the deceased

are more than sufficient to pay the debts, and from the evidence, the court cannot decide as to what would be a distributive share on final settlement. By reference to an annual settlement made by John J. Ward, administrator of the estate of James Ward, deceased, made 7th day of March, 1864, it appears that there remained at that time, in the hands of the administrator aforesaid, $18,841 ; and it further shows of record that said administrator purchased at the sale of his intestate, personal property to the amount of $11,600, which said amount was due December, 1861 ; and purchased realty to the amount of $4,069, which was due 7th January, 1861. It is therefore ordered, &c., that W. C. Oates, administrator with the will annexed, of William J. Ward, deceased, do have and recover of John J. Ward, administrator of James Ward, deceased, the sum of $5,000, this amount being less than the full distributive share of the said testator, upon the said Oates giving a refunding bond," &c. To this decree and the different rulings of the court, the defendant excepted, and appealed to this court, and assigned the same as error.

MARTIN & SAYRE, for appellant.
W. C. OATES, contra.

A. J. WALKER, C. J.—If William J. Ward died intestate, or if the probate of an instrument as his will in Texas was void, or if there was no admission of the same to probate in Alabama, the administration *cum testamento annexo* of the appellee, would not therefore be *void*. The intestacy of a decedent, upon whose estate an administration, with the will annexed, was granted, would render such administration revocable, not void, if the court had jurisdiction of the grant of administration.—*Broughton v. Bradley*, 34 Ala. 694 ; *Jennings v. Moses*, 38 Ala. 202 ; *Ex parte Maxwell*, 37 Ala. 362 ; *Watson v. Collins*, ib. 587. In this case, it appears that William J. Ward died, leaving assets in Henry county. The probate court, therefore, had jurisdiction to grant administration upon the estate, and its action, even if erroneous, in qualifying the administration as *cum testamento annexo*, would not be void.—Revised Code,

§ 1985. The appellant, the administrator of James Ward, in this proceeding, could not assail the administration of the appellee, upon any of the grounds above set forth, because an order of the probate court is only assailable collaterally for causes which render it absolutely void.

This was a proceeding for partial distribution by one of several distributees instituted under § 2105 (1778), Revised Code. In such a proceeding, it is not indispensable that the applicant should make any other party except the administrator.—*Harrison v. Harrison*, 9 Ala. 470 ; *Sankey v. Elsberry*, 10 Ala. 455 ; *Graham v. Abercrombie*, 8 Ala. 552. These cases define the proper practice in reference to the making those persons parties, whom the protection of the administrator may require to be bound by the decree. The proceeding is obviously neither in reference to the parties, nor in its nature adapted to the settlement of the accounts of the administrator. Its object is not to ascertain the extent of liability of the administrator, but to obtain distribution of assets on hand for division. In the case of *Harrison v. Harrison, supra,* the court said : It would seem that all assets which existed in specie, or which had been previously reduced to money, were distributable ; and then intimates that the distribution should be confined to such assets as are usually the subject of sale. This last remark is made in reference to the distribution of slaves, and confined to chattels, it is probably correct. We entertain no doubt, however, that a distribution can be had under § 2105 Revised Code, of chattels in specie or of money, into which the chattels or choses in action of the estate may have been converted. The court cannot, under that section, however, render a decree for a distributive share of any sum or sums of money, for which the administrator may have become liable by negligence or misconduct.

In this case, no decree is rendered or seems to have been sought, for distribution of chattels in specie. The decree is purely for money, and its regularity depends upon the question, whether the administrator was chargeable as for money received by him to such an extent beyond the necessities of the estate for debts and expenses of administra-

tion, as would make the petitioner's share thereof equal to the amount of the decree.

The administrator was chargable, as for cash on hand, with the amount of purchases made by him, and by him and another jointly.—*Childress v. Childress*, 3 Ala. 752; *Purdom v. Tipton*, 5 Ala. 914; *McLane v. Spence*, 6 Ala. 894; *Duffee v. Buchanan*, 8 Ala. 28. The debt of Oates and the administrator, due 7th January, 1862, for the purchase of real estate, was $8,138. The debt of the administrator for personal property purchased by him, due 26th November, 1861, was $11,600. From these two sums and the interest thereon, the petitioner was entitled to distribution. The decree exceeds a distributive share of that amount, and it is therefore too large. The bill of exceptions shows that the amount of collected funds was not more than sufficient to pay the costs and expenses of administration.

We do not think that upon the facts before us, the probate judge ought to have extended his monetary decree of distribution further than the purchases by the administrator singly, and jointly with another.

It is stated in the bill of exceptions, that the administrator offered to prove the payment of $3,000 on the debt of $8,138 If such sum was lawfully paid and accepted by a person to whom payment could lawfully be made, it discharged *pro tanto* the debt, and would lessen the fund for distribution in the administrator's hands. Such a payment might be made to a creditor or distributee of the estate. Whether such payment was made we cannot determine, from the facts before us. We think it prudent not to render a decree, but remand the cause, in order that the question of the payment alleged may be investigated.

The administrator is *prima facie on final settlement*, chargeable with the amount of the sale bill.—*Stewart v. Stewart*, 31 Ala. 207. But in this case, the inquiry cannot be had, whether he is chargeable on account of not collecting the debts for the purchase of property.

Reversed and remanded.