# Anderson's Adm'r *v.* Bradley.

*Application for Conveyance of Lands by Administrator.*

1. *Sale of lands under probate decree; who may ask conveyance by administrator.*—When lands have been sold by an administrator, under a decree of the Probate Court, and the sale has been duly confirmed, and the purchase-money paid in full, the purchaser may apply to the court by petition, to compel the execution of a conveyance by the administrator, or such other person as the court may appoint, (Code, § 2468); but the statute does not authorize a subpurchaser to file such petition. (Changed by statute approved March 1st, 1881. Sess. Acts 1880-81, p. 29.)

2. *Same; notice to heir of petition for conveyance.*—Notice to the heir of the filing of a petition to compel a conveyance of lands sold by the administrator under a decree of the Probate Court, is essential to the validity of the proceedings.

APPEAL from the Probate Court of Madison.

In the matter of the estate of Richard W. Anderson, deceased, on the application of Mrs. Isabella M. Bradley for an order requiring the administrator *de bonis non,* H. L. Clay, to execute a conveyance of certain lands, which had been sold

by the administrator in chief, under an order of said court, and of which the petitioner claimed to have since become the purchaser. The petition was filed on the 13th June, 1879, and alleged that said Richard W. Anderson died, intestate, in January, 1859, being seized and possessed of certain lands particularly described; that letters of administration on his estate were granted by said court, on the 31st January, 1859, to Daniel M. Bradford, who gave bond, and qualified as such administrator; that on the 12th August, 1859, said administrator filed his petition in said court, asking an order to sell said lands (for what purpose is not stated); that the court granted the order as prayed; that the sale was made by the administrator, pursuant to the order, on the 2d January, 1860, when one Benjamin Snodgrass became the purchaser at the price of $9,500, payable in one and two years, and gave his two bonds, or notes under seal, with sureties, for the purchase-money; that the sale was duly reported to the court, and was by it confirmed on the 16th April, 1860; that the administrator collected the note first falling due, but default was made in the payment of the second, and the administrator thereupon filed his bill in the Chancery Court of Jackson county, to subject the lands to the payment of said unpaid note, and obtained a decree in June, 1867, ascertaining the balance then due to be $7,207.50, and subjecting the lands to its payment.

On the 7th October, 1867, as the petition further alleged, Benjamin Snodgrass, the purchaser at the administrator's sale, filed his petition in the District Court of the United States at Huntsville, asking to be declared a bankrupt, and "was duly adjudicated a bankrupt" on the next day. On the 5th February, 1868, Joseph C. Bradley was appointed assignee in bankruptcy of said Snodgrass, "and claimed and took possession of said lands as such assignee." On the 6th July, 1868, the administrator filed his petition in said Probate Court, "asking to be allowed to compromise said debt against Snodgrass as doubtful," and the court granted the order as prayed on the 2d August, 1868. Bradley, as assignee, filed a petition in the Bankrupt Court (at what time is not stated), asking an order to sell the bankrupt's interest in the lands; and the order having been granted, he made the sale on the 3d September, 1868, Mrs. Isabella M. Bradley, the petitioner in this case, becoming the purchaser at the price of $4.500. On the 16th October, 1868, Bradford, the administrator, reported to the Probate Court that he had compromised said debt with Bradley, the assignee in bankruptcy, for $4,500, "which sum, said report states, has been paid to said Bradford by your petitioner"; and said report was confirmed by

[Anderson's Adm'r v. Bradley.]

said Probate Court, on the 16th October, 1868. Bradford, the administrator, "never conveyed said lands by deed to said Snodgrass, and the legal title to said lands is still in the estate of said R. W. Anderson"; and the petition therefore prayed that the administrator *de bonis non* "be ordered, by decree of this court, to execute to your petitioner a deed conveying to her all the right, title and interest, which the said R. W. Anderson had in said lands at the time of his death."

On the same day on which the petition was filed, the court granted the order as prayed; and the record does not show that the administrator or heirs appeared, or had notice of the filing of the petition. The appeal is sued out by the administrator, and he assigns as error the decree rendered.

F. P. WARD, and W. H. ROBINSON, for appellant.

D. P. LEWIS, and WALKER & SHELBY, *contra*.

SOMERVILLE, J.—Section 2468 of the Code of 1876 provides, that after confirmation of a sale of land made under authority of the Probate Court, "when the *purchaser* has paid the whole of the purchase-money, on *his* application, or that of the executor or administrator, the court must order a conveyance to be made to such *purchaser*, by such executor or administrator, or such other person as the court may appoint, conveying all right, title and interest, which the deceased had in such lands at the time of his death." The word *purchaser* here must be construed to mean the original vendee or buyer, who acquired by bid, at an authorized sale, an estate in the lands sold. It does not include a sub-purchaser, or one who holds under him by transfer, sale, or release. This was evidently the construction placed upon the statute by its framers, the law-making department of the government; and it was accordingly amended by the act of March 1, 1881, so as to correct the defect, and thus specially confer on the Probate Court the requisite authority which was before wanting.—Session Acts 1880–81, p. 29.

The application was, besides, granted without notice being first given to the heirs. This was essential to its validity. *Dugger v. Tayloe*, 60 Ala. 504, 519; *Mead v. Larkin*, at the present term.

Reversed and remanded.