## Bolling, Admr. v. Smith.

*Statutory Action of Ejectment.*

1. *Sale of land by administrator; notice to heirs when administrator is purchaser.*—Where under an order of sale of lands of his intestate, granted by the Probate Court upon his petition, the administrator becomes the purchaser, the heirs are entitled to notice of the proceedings after the sale, and if this notice is not shown to have been given, a deed executed under the proceedings will be held void on collateral attack.

APPEAL from Butler Circuit Court.
TRIED before Hon, J. R. TYSON.

The facts of this case are sufficiently stated in the opinion.

GAMBLE & POWELL and J. C. RICHARDSON, for appellant.—Jurisdiction having attached under the petition to sell the land, no irregularity in subsequent proceedings can be raised on collateral attack.—*Fields r. Goldsby,* 28 Ala. 218; *Wilburn v. McCalley,* 63 Ala. 436; *May v. Marks,* 74 Ala. 249.

LANE & CRENSHAW and J. W. POSEY, *contra.*—Cited *Ligon v. Ligon,* 84 Ala. 555; *Dugger v. Tayloe,* 60 Ala. 519; *Anderson v. Bradley,* 66 Ala. 263.

McCLELLAN, J.—Owens as administrator of Thompson, petitioned the probate court for an order to sell lands belonging to the estate of his intestate for equitable division among the heirs. The petition averred the jurisdictional facts and all the proceedings down to and including the order of sale were regular in every respect. In executing the order after due advertisement Owens himself became the purchaser of the land, regularly reported the fact and the payment of the purchase money to himself as such administrator, setting forth that he was the highest and best bidder, that the price paid was not greatly disproportionate to the value of the land,

&c., and prayed a confirmation of the sale and the appointment of a commissioner to make conveyance to him. The sale was confirmed and John Gamble was appointed commissioner to convey the land to Owens. Gamble accepted the commission and executed the deed reciting the proceedings in the probate court as to the petition for and sale and purchase of the land by Owens, the report of sale, petition for confirmation and appointment of commissioner, and the order appointing him such commissioner. It is not shown by the records of the probate court nor by the recitals of the deed that the heirs of the intestate had notice of the report of the sale and petition by the purchaser for confirmation and the appointment of a commissioner, nor of the proceedings in the court which resulted in an order of confirmation and for the execution of a deed by the commissioner thereupon appointed.

On this state of facts the deed was invalid, and will be so held upon collareral attack, as in this case, because it is not made to appear that the heirs had notice of the proceedings in the probate court after the sale, on the report and petition for confirmation thereof made and presented by the purchaser who was also the administrator.— *Dugger et al. v. Tayloe et al,* 60 Ala. 504, 519 ; *Anderson Admr. v. Bradley,* 66 Ala. 263 ; *Ligon v. Ligon,* 84 Ala. 555.

The circuit court properly excluded this deed from the jury, and, this ruling constituting the only matter presented for review, the judgment below must be affirmed.