[Allison v. Allison.]

# Allison v. Allison.

*Statutory Action of Ejectment.*

1. *Sale of decedent's land; purchase by administrator; notice to heirs.*
Where an administrator becomes a purchaser of his intestate's lands
sold under an order of sale granted by the probate court on his peti-
tion, the heirs are entitled to notice of the proceedings after the sale;
and if this notice is not shown to have been given, a deed executed
under the proceedings is void and will be so held on collateral attack.

2. *Same; same; action of ejectment by decedent's heirs.*—Where an
action of ejectment is brought by an heir at law to recover possession
of lands which belonged to his ancestor, who dies intestate, against
the intestate's administrator, who became the purchaser of the lands
sued for at a sale under an order of court granted upon his petition,
and the defendant's right of possession to the lands in controversy is
founded upon a deed executed to him under said probate proceedings,
but it is shown that no notice was given to the heirs of the proceed-
ings after the sale and purchase by the administrator, there is pre-
sented no defense to the action—such deed being void—and the plain-
tiff is entitled to the general affirmative charge at his request.

APPEAL from the Circuit Court of Jackson.

Tried before the Hon. J. A. BILBRO.

This was a statutory action of ejectment, brought by
the appellee, Elizabeth Allison, against John Allison,
John D. Neighbors, M. D. Culver and John Knight, for
certain lands specifically described in the complaint.
Issue was joined upon the plea of not guilty.

The facts disclosed upon the trial of the cause were as
follows: Both parties claim the lands described in the
complaint through one James L. Allison, deceased.
The plaintiff is an heir at law of said decedent, and as
such inherited an undivided interest in the lands sued
for; and she claims title in this action as such heir at
law.

The defendants claim title as follows: Said James L.
Allison died intestate in Jackson county, Alabama, on
or about the 20th day of November, 1877. Thomas N.
Allison, a son and heir of said decedent, became the ad-
ministrator of his father's estate by appointment of the
probate court of Jackson county, on the 11th day of

[Allison v. Allison.]

February, 1878, and as such administrator took and held the possession of the lands in suit. In the course of administration, said administrator filed his petition in said probate court in due form for a sale of the lands of the estate for division among the heirs of said decedent, and on the 15th day of June, 1889, an order of sale was granted, the purchase money to be paid one-third cash, one-third January 1, 1890, and one-third November 1, 1890. On the 26th day of August, 1889, the lands of the estate were sold under this order of court, and Thomas N. Allison, the administrator, became the purchaser of the lands sued for; and thereafter held possession under his said purchase. All the proceedings for the sale were regular and in due form, and the sale was duly confirmed by order of the probate court.

On the 6th day of June, 1891, said Thomas N. Allison, administrator, made and concluded a final settlement of his administration of the estate of James L. Allison, in the probate court. Upon said settlement the administrator was charged with, and accounted for, the purchase money of the lands purchased by himself, with interest thereon. Said settlement and account also embraced and included the proceeds of sale of other lands, and also of personal property, rents, &c. After deducting the costs and expenses of administration, the balance was divided into seventeen equal parts or shares. It appearing that Thomas. N. Allison, the administrator, had purchased and owned the interests of many of the heirs, and had made payments to others on their distributive interests from time to time, decrees were rendered severally in favor of the heirs and distributees whose interests had not been so purchased or satisfied by said administrator for the amounts of their distributive interests. The plaintiff, who was over twenty-one years old at the date of said final settlement, obtained a decree against said Thomas N. Allison for the amount due her from him on her distributive share. This final settlement of said estate was in all respects regular. Upon concluding said final settlement, and on said 6th day of June, 1891, said Thomas N. Allison made his report in writing to said probate court setting forth that the purchase money for the lands purchased by him had been paid in full, making application for an order for the conveyance of the title. Thereupon, on the same

[Allison v. Allison.]

day, and without notice to the plaintiff and other heirs of the application for a conveyance of title and report of payment of purchase money aforesaid, the court made and entered an order and decree directing the conveyance of the title to said Thomas N. Allison of the lands here sued for, and appointed Jesse E. Brown, commissioner, to execute a deed to said Thomas N. Allison, which said deed was duly executed and recorded. Said Thomas N. Allison thereafter held possession of said lands claiming under said purchase and deed, until he died intestate in Jackson county, on the 18th day of December, 1893. On the 30th day of January, 1894, Wm. H. Bogart became the administrator of the estate of Thomas N. Allison, deceased, by appointment of the probate court of said county. W. H. Bogart took possession of the lands sued for as such administrator, and the defendants are his tenants in possession.

The defendants also offered testimony to prove that the decree in favor of the plaintiff had been paid by Thomas N. Allison during his life time. The plaintiff objected to this testimony, the court sustained the objection, and the defendants duly excepted.

Upon the introduction of all the evidence, the court at the request of the plaintiff gave the general affirmative charge in her behalf. The defendants duly excepted to the giving of this charge, and also excepted to the court's refusal to give the general affirmative charge requested by them.

There were verdict and judgment for the plaintiff. The defendants appeal, and assign as error the giving of the general affirmative charge for the plaintiff, and the refusal to give a like charge for defendants.

MARTIN & BOULDIN, for appellants.—1. Where jurisdiction of a court has once attached and the court proceeds to render its final judgment, order or decree, the proceeding can not be collaterally impeached, though the record may abound with irregularities which would authorize its reversal upon a direct appeal. The jurisdiction of the probate court having attached, the failure to give notice to the heirs of the purchase by the administrator was a mere irregularity, and can not have the effect to render the deed void on collateral attack.—*Duvall v. McLoskey*, 1 Ala. 708; *Fields v. Goldsby*, 28 Ala.

218; *Lyons v. Hamner*, 84 Ala. 197; *Bland v. Bowie*, 53 Ala. 152; *Townsend v. Steel*, 85 Ala. 580; *Cantelou v. Whitley*, 85 Ala. 247; *Moore v. Cottingham*, 113 Ala. 148; *Daughtry v. Thweatt*, 105 Ala. 615.

2. The sale was not rendered void for failure to give notice to the heirs. As between the administrator and the heirs, the proceedings were *in rem*, and not *in personam*. *Farley v. Dunklin*, 76 Ala. 530; *Wood v. Stanley*, 78 Ala. 348; *Dagger v. Tayloe*, 46 Ala. 320; *Jones v. Woodstock Iron Co.*, 95 Ala. 551. The rule is not different that governs this case, because the administrator himself purchased the lands at the sale. His failure to give the heirs notice was, at most, a mere irregularity, which occurred after the suit was in progress. But the purchase by the administrator in the case at bar was not even an irregularity that clothed the heir with the right of election enforceable in equity or otherwise. Thomas N. Allison, the administrator, was, himself, one of the heirs in the estate he represented, and therefore interested in the sale. He had the right to purchase at the sale.—*Penny v. Jackson*, 85 Ala. 67; *Brannon v. Oliver*, 2 Stew. 47; *McLane v. Spence*, 6 Ala. 894; *Montgomery v. Givhan*, 24 Ala. 568.

3. The sale is a judicial sale. The court is the vendor. The administrator is not vendor and purchaser. He is merely the "ministerial agent of the court." The court has jurisdiction of the *res*, custody of the property, acts on its own responsibility, solemnly adjudges, not on the mere suggestion of the administrator, but on satisfactory evidence, every fact necessary to the consummation of the sale.—*Bland v. Bowie*, 53 Ala. 152; *Hutton v. Williams*, 35 Ala. 503; *Wallace v. Hall*, 19 Ala. 367; *Jennings v. Jenkins*, 9 Ala. 289; *Perkins v. Winters*, 7 Ala. 855; *Field v. Goldsby*, 28 Ala. 218; *Landford v. Dunklin*, 71 Ala. 594; *Wyman v. Campbell*, 6 Port. 219.

4. No notice of the report of sale is required, but it simply lies over ten days for exceptions, just as reports in pending proceedings in courts of chancery. This is clear evidence that the legislature contemplated that the suit or proceedings should be treated as one action pending from the filing of the petition until the final order of conveyance. The decree of confirmation, when made, conclusively adjudges the three facts set out in section 2123 above quoted, to-wit: 1. That the sale

was fairly conducted. 2. That the land sold for an amount not greatly less than its real value. 3. That the purchase money is paid, or sufficiently secured. This is directly settled in the cases of *Lowe v. Guice*, 69 Ala. 80 ; *Meadows v. Meadows*, 81 Ala. 451 ; *Sims v. Sampey*, 64 Ala. 239 ; *Landford v. Dunklin*, 71 Ala. 594 ; *Turrentine v. Daly*, 82 Ala. 205 ; *Jones v. Woodstock Iron Co.*, 95 Ala. 551.

5. Where the personal representative purchases lands of his intestate he is, after the expiration of the term of credit, chargeable with the amount as cash in the same manner as if he had collected money or converted property belonging to the estate. Where the obligation to pay money is united with the right to receive payment in the same person, the payment is to be considered as made. On an application, therefore, by the administrator for a conveyance of title to the lands purchased by him, made after the maturity of the demand, the court judicially knew without evidence that such demand was paid and extinguished by operation of law, and the administrator was, in law, in the possession of so much assets for distribution. The heirs could not question this fact. In such a case, the failure to give the heirs notice was not even an irregularity.—*Childress v. Childress*, 3 Ala. 752 ; *Kennedy v. Kennedy*, 8 Ala. 391 ; *Whitworth v. Oliver*, 39 Ala. 286 ; *Jay v. Martin*, 49 Ala. 192 ; *Ragland v. Calhoun*, 36 Ala. 606 ; *Miller v. Irby*, 63 Ala. 477 ; *Seawell v. Buckley*, 54 Ala. 592 ; *Dickie v. Dickie*, 30 Ala. 57. When the purchase money becomes due, even if the heirs have a right to elect whether they will treat it as paid, and charge the administrator, or as unpaid and resort to a lien to enforce its payment, upon their election to charge the administrator on final settlement, with the purchase money due from him, such election cuts off all other remedies.—*Nunn v. Norris*, 58 Ala. 202 ; *Wood v. Stanley*, 78 Ala. 348 ; *Bell v. Craig*, 52 Ala. 215 ; *Jones v. Woodstock Iron Co.*, 95 Ala. 551 ; *Rather v. Young*, 56 Ala. 94. This principle is not opposed to the principle announced in the cases of *Dugger v. Tayloe*, 60 Ala. 504 ; *Anderson v. Bradley*, 66 Ala. 263 ; *Ligon v. Ligon*, 84 Ala. 555.

TALLY & PROCTOR, *contra.*—The question involved has been decided by this court and repeatedly reaffirmed. *Bogart v. Bell*, 112 Ala. 412 ; *Bolling v. Smith*, 108 Ala. 411 ; *Ligon v. Ligon*, 84 Ala. 555 ; *Anderson v. Bradley*,

66 Ala. 263; *Dugger v. Tayloe*, 60 Ala. 504; *Moore v. Cottingham*, 113 Ala. 148.

COLEMAN, J.—The appellee sued in ejectment. The precise question involved arose in the case of *Bolling, Admr. v. Smith*, 108 Ala. 411, and it was there held that "where under an order of sale of lands of his intestate, granted by the probate court upon his petition, the administrator becomes the purchaser, the heirs are entitled to notice of the proceedings after the sale, and if this notice is not shown to have been given, a deed executed under the proceedings will be held void on collateral attack." The object of the present appeal is to have this conclusion reconsidered. The principle of law upon which the decision rests has been so long established by the decisions of this court, that it has become a rule of property, and notwithstanding the very forcible argument of appellants' counsel, we are of opinion, that upon principle as well as the doctrine of *stare decisis* the rule should stand. See the following additional authorities: *Bogart v. Bell*, 112 Ala. 412; *Dugger v. Tayloe*, 60 Ala. 504; *Anderson v. Bradley*, 66 Ala. 263; *Ligon v. Ligon*, 84 Ala. 555. Whenever the administrator can show in such a case that, in fact, he has paid the purchase money, the chancery court has ample power to apply the doctrine of equitable estoppel and protect him from all injury. If he has not paid the purchase money, he is not in equity and good conscience entitled to the lands.

Affirmed.