# Langley *et al.* v. Langley, Admr.

*Bill in Equity by Administrator to enforce Vendor's Lien.*

1. *Bill by administrator to enforce vendor's lien; when can not be maintained.*—Where lands belonging to an intestate are sold for distribution by the administrators under order of the probate court, and at such sale one of the administrators becomes the purchaser, and, although he does not pay any part of the purchase money, a deed is executed to him, and upon final settlement of the administration, said administrators are charged with the purchase price of said lands, and a decree is entered in favor the distributees against them jointly, upon the subsequent resignation of the administrator who purchased said lands, the remaining administrator can not maintain a bill against the purchaser to enforce a vendor's lien; the decree rendered by the probate court against the administrators furnishing adequate relief.

APPEAL from the Chancery Court of Tallapoosa.

Heard before the Hon. RICHARD B. KELLY.

The bill in this case was filed by the appellee, F. E. Langley, as administrator of the estate of John J. Slaughter, deceased, against the appellants, W. T. Langley, and several persons claiming the lands involved in the controversy, under mesne conveyances from said W. T. Langley. The purpose of the bill was to enforce a lien for the purchase money upon the lands described in the bill.

It was averred in the bill that the lands involved in the suit had been sold by the complainant to the defendant, W. T. Langley, as administrator of the estate of John J. Slaughter, under a decree of the probate court, for distribution among the heirs of said Slaughter; that at this sale said W. T. Langley, who was at the time one of the administrators of said Slaughter, became the purchaser of said lands. It was further averred in the bill that said W. T. Langley had resigned as said administrator of the estate of John J. Slaughter, deceased, and had been discharged as said administrator, and that the complainant was the sole administrator of said estate; that the report of sale of said lands was filed by both of the administrators in the probate court, in which report it was stated that the cash payment of one-half of the purchase money of said lands had been made by said W. T. Langley, and that the latter's note for the remaining one-half had been given; but that notwithstanding said report, the said cash payment had not been made, and that no part of said purchase money had been paid; that after the report of said sale and purchase and before the deferred payment was due, a deed was made by the commissioner, appointed under the decree of the probate court, to W. T. Langley, and that the other defendants claimed said land under said W. T. Langley through mesne conveyances.

The prayer of the bill was for the establishment of a vendor's lien upon the lands to enforce the payment of the purchase money.

It was shown by the evidence that after the maturity of the note given by W. T. Langley for the deferred

payment for the lands belonging to the estate of said John J. Slaughter, which were purchased by him at the sale under decree of the probate court for distribution, and after the lapse of 18 months from the grant of letters of administration, the complainant and W. T. Langley filed their accounts as administrators of the estate of John J. Slaughter for their final settlement; that there was included in this account, the price of the land purchased by W. T. Langley; that after the filing of this account, a decree was rendered by the probate court auditing and allowing the same, and ascertaining the amount due to the estate from the complainant and the defendant, W. T. Langley, as said administrator; that it was then ascertained the amount to which each distributee was entitled and a decree therefor was rendered in favor of said distributees against the complainant and the defendant as said administrators, and in said decree it was ordered that the amounts so ascertained to be due to the distributees "shall be recovered by the said W. T. Langley as such administrator * * * for which several sums execution may issue in favor of said party entitled and against said W. T. Langley and F. E. Langley."

In the balance ordered distributed by this decree there was included the entire price agreed to be paid by W. T. Langley for the lands described in the bill, with interest thereon, with which the administrators had charged themselves in their account for final settlement. Subsequent to this final settlement and decree, W. T. Langley resigned as one of the administrators of the estate of John J. Slaughter, and a decree was rendered by the said probate court discharging him.

On the submission of the cause upon the pleadings and proof, the chancellor decreed that the complainant was entitled to the relief prayed for and was entitled to a vendor's lien upon said lands. From this decree the respondents appeal, and assign the rendition thereof as error.

HORACE STRINGFELLOW, W. M. LACKEY and E. M. OLIVER, for appellants.—If the decree of distribution

in favor of the distributees of the estate of John J. Slaughter had been satisfied by *either* administrator, before the bringing of this suit, it is manifest that it cannot be maintained. The bill should be dismissed. This for the reason that the distributees were the only ones entitled to payment, and for the reason that appellee was by such payment also discharged as administrator, although there was no formal order discharging him.—*Ligon v. Ligon,* 84 Ala. 556; *Chappelle v. Doe,* 49 Ala. 155.

When a final settlement is made it follows that the administration is complete and the administrator, save as to his duty to pay over to the distributees the amount adjudged to them, is *functus officio*—the settlement is as final as a decree of a court of equity or the judgment of a circuit court. He can neither sue nor be sued for any matters pertaining to the administration.—*Hutton v. Williams,* 60 Ala. 107; *Otis v. Dargan,* 53 Ala. 178; *Warren v. Lewis,* 53 Ala. 1115; *Coxworth v. White,* 72 Ala. 224.

THOS. L. BULGER and J. M. CHILTON, *contra.*—It is thoroughly settled, although the administrator reports the purchase money as fully paid, the sub-purchasers are bound to know whether it was in fact paid. In the opinion of the Supreme Court on an appeal in this case, it is said: "Under these averments, it is too clear for disputation that the deed to Langley as purchaser did not convey a legal title to the land, but it only vested in him an inchoate equity, which upon full payment of the purchase money, would ripen into a perfect equity to the purchaser from him, and his subvendees cannot claim protection afforded to purchasers for a valuable consideration without notice; although they bought in ignorance of the fact that the purchase money had not been paid, and although the conveyance to Langley was made under an order of the court." *Cruickshank v. Luttrell,* 67 Ala. 318; *Wallace v. Nichols,* 56 Ala. 321; *Ketchum v. Creagh,* 58 Ala. 224; *Bolling v. Smith,* 108 Ala. 411; *McCully v. Chapman,* 58

Ala. 325; *Ligon v. Ligon,* 84 Ala. 555; *Anderson v. Bradley,* 66 Ala. 263; *Washington v. Bogart,* 119 Ala. 377; *Bogart v. Bell,* 120 Ala. 412; *Allison v. Allison,* 114 Ala. 393.

SHARPE, J.—Since the heirs of the estate which was jointly represented by complainant and W. T. Langley took no step to set aside W. T. Langley's purchase of land sold for division, the latter was under obligation to pay for the land, while in his representative capacity he was under the duty of receiving payment. Because of the union in him of such obligation and duty the law rendered him chargeable as administrator with the purchase money due from him individually, though the same was not otherwise collected. *Ligon v. Ligon,* 84 Ala. 555. When in apparent recognition of this principle the administrators on their final settlement charged themselves jointly with the whole of that money, they did all that could be required of them in respect of collecting the money. Thereafter as to that money there remained for them only the duty of distributing it according to the decree rendered on that settlement. Payment of that decree would have given the heirs their respective shares of the purchase money, which is all that is claimed for them in the present bill. Whether the heirs have the right to proceed against the land as for the enforcement of a vendor's lien is not now a question. So far as here appears they may be afforded adequate remedy by enforcing the decree referred to, and may be content to depend on that remedy. How the situation of the heirs would be improved by another collection had through complainant as administrator, is not discernible, for another accounting by, and decree against, him would accomplish nothing more beneficial to them than has been done by the former accounting and decree. To divert from himself and W. T. Langley, who was his co-administrator, the liability imposed by the decree by subjecting the land to another sale is not within complainant's representative duties or rights. The contrary was not adjudicated on the former appeal in this case. That appeal

involved only the sufficiency of the bill and the bill did not disclose the fact which now appears of record that there had been a settlement, wherein there was a decree, charging the administrators with the purchase money and specifically directing its distribution.—See *Langley v. Langley*, 121 Ala. 70.

The decree appealed from will be reversed, and one will be here rendered dismissing the bill and directing that complainant pay the costs in the chancery court as well as in this court.

Reversed and rendered.